**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **CAROLINE STROUD** | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | Case No.: RWT 11cv721 |
| | * | |
| | * | |
| **GREYSTAR MANAGEMENT** | * | |
| **SERVICES, LP.** *et al*. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

On March 18, 2011, Plaintiff, Caroline Stroud, filed suit against Defendants, Greystar Management Services, LP ("Greystar") and JPI Management Services, LP, ("JPI Management") alleging interference and retaliation under the Family Medical Leave Act (FMLA).  *See* Compl. ECF No. 1.   On October 10, 2011, Defendant, JPI Management, filed a Motion to Dismiss.  *See* ECF No. 11.  This matter is now fully briefed and ready for adjudication.

**Background[1]**

Defendant JPI Management, hired Plaintiff as a Resident Services Management employee on June 7, 2007.  On December 23, 2008, Plaintiff complained to JPI Management's Human Resource Department because another employee was denied family medical leave for a serious health condition and was terminated for requesting such leave.  On January 6, 2009, JPI Management held a conversation with Plaintiff warning her to avoid any and all involvement in employee related issues.  Plaintiff was directed during that meeting to forward any employees

---

[1] These facts are drawn from plaintiff's complaint and, for purpose of this motion, are assumed to be correct.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

with concerns to her supervisor, the Director of Commuity Operations, a Senior Director, or Human Resources.  JPI Management also reiterated this message in a January 7, 2009 letter.

Later that month, Defendant Greystar took over for JPI Management.  Plaintiff was employed "with Defendant JPI Mangement until January 2009, when [Defendant] Greystar took over."  *See* Compl. ¶ 4,  ECF No. 1.  After January 2009, Plaintiff was no longer an employee of JPI Mangement.

On March 19, 2009, Plaintiff received a warning report from her employer, Defendant Greystar.  Plaintiff alleges that the report reprimanded her for assisting other employees in the exercise of their rights under various legal statutes, including but not limited to FMLA.  The March 19, 2009 warning report, referenced the January 7, 2009 warning letter issued by JPI Management.  On March 27, 2009, Plaintiff sent a letter to Defendant Greystar responding to the March 19, 2009 warning report.  Thereafter, Plaintiff alleges that she was subjected to disparate treatment by Greystar, including but not limited to being forced to do undesireable tasks that others in her position were not forced to complete.  Plaintiff also alleges that she was harassed when she asked politely and professionally for additional instructions to perform certain job assignments.  Plaintiff was terminated on June 7, 2010 for allegedly opposing unlawful practices.

## Discussion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief." *Id*. at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

When deciding a motion to dismiss under Rule 12(b)(6), courts may only consider the facts contained in plaintiff's complaint. If "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d). Courts, however, may consider documents

referenced in the complaint and documents "integral to and explicitly relied on in the complaint," as long as the authenticity of the documents is not in dispute. *See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc*., 367 F.3d 212, 234 (4th Cir. 2004). Here, Plaintiff references various correspondence with her employers, and attaches these correspondences to her Complaint. Consequently, the court will refer to these documents when deciding this motion to dismiss.

Plaintiff claims that JPI Management interfered with other employees' rights and discriminated against Plaintiff's for her opposition against such actions under the FMLA. Compl. ¶¶ 15-17, ECF No. 1. Under the FMLA, eligible employees are permitted to take reasonable medical leave from covered employers. 28 U.S.C. § 2612. An employee may bring two types of FMLA claims: interference claims and retaliation claims. *Wright v. Southwest Airlines Co*., 2008 WL 4104180, *4 (D. Md. Aug. 21, 2008). Interference claims are based on alleged attempts by an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" any right protected by the act. 29 U.S.C. § 2615(a)(1). Retaliation claims result from an employer's allegedly "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by" FMLA. *Id*. at § 2615(a)(2). Thus, an employee-employer relationship is central to any FMLA claim. *See id*. at § 2612; *Wenzlaff v. NationsBank*, 940 F. Supp. 889, 892 (D. Md. 1996) ("[T]he statutory language implicitly limits the scope of any violation to interactions between individuals sharing an employer-employee relationship at the time of the alleged violation.").

Plaintiff has failed to demonstrate that JPI Management was Plaintiff's employer when the alleged violations occurred. Plaintiff asserts that she worked for JPI Management from June 2007 until January 2009, and Plaintiff alleges that her final interaction with JPI Management was the warning letter sent on January 7, 2009, directing Plaintiff to forward all employment issues to

her supervisor or to Human Resources.  Compl. ¶¶ 4, 10, ECF No. 1.  Thereafter, Plaintiff's employment with JPI Management ended, and Greystar became her employer.  *Id.* ¶ 4. Plaintiff's allegations of employer misconduct under the FMLA were limited to the period between March 2009 and Plaintiff's termination in June 2010.  *Id.* ¶¶ 12-17.  Although Plaintiff alleges that both Defendants[2] were responsible for the alleged retaliation and interference, Plaintiff's pleadings and exhibits directly contradict this contention.  Indeed, all of Plaintiff's allegations of FMLA violations—disparate treatment, harassment, and termination—occurred months after Greystar took over for JPI Management.  Plaintiff has failed to demonstrate that JPI Management took any actions as Plaintiff's employer that were in violation of the FMLA. Therefore, Plaintiff cannot maintain a suit against JPI Management for Greystar's actions as Plaintiff's employer.  Accordingly, this Court will grant Defendant JPI Management's motion to dimiss.

The court recognizes, however, that *pro se* plaintiffs should be afforded greater leeway in pleading matters before the court.  *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (*pro se* pleadings should be construed liberally).  When a complaint is deemed insufficient, "[t]he court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 290 (4th Cir. 2008).  Futile amendments are those that cannot survive a motion to dismiss.  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990);

---

[2] Despite alleging in the Complaint that Greystar took over for JPI Management in January 2009, Plaintiff continued to refer to "Defendants" in the plural regarding subsequent employer actions in March 2009 through June 2010.

*Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).

Because it is clear that Plaintiff cannot cure her claims against JPI Management, this Court will grant Defendant JPI Management's motion to dismiss for failure to state a claim with prejudice.

Accordingly, it is, this 27th day of July, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant JPI Management Services, LP's Motion to Dismiss [ECF No. 11] is **GRANTED.**

_____
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
